### *CLEVELAND & BUFFALO TRANS. CO. v. KATHRYN BEEMAN.
(And 5 other cases.)

CONSTRUCTIVE SERVICE UPON NONRESIDENT STOCKHOLDER IN DIVORCE GIVES JURISDICTION TO ORDER TRANSFER OF HIS STOCK TO HIS WIFE FOR ALIMONY.

Constructive service by publication upon a nonresident stockholder in a proceeding for divorce and alimony brought by his wife, together with actual service upon the corporations in which he held stock, enjoining them from transferring any stock standing in his name, gives the court sufficient control of such stock to decree the transfer of ownership therein to plaintiff by way of alimony.

ERROR to Cuyahoga common pleas court.

**Goulder, Holding & Masten,** for plaintiffs in error:

Cited and commented upon the following authorities: *McGill v. Deming,* 44 Ohio St. 645 [11 N. E. Rep. 118]; *Weidman v. Weidman,* 57 Ohio St. 101 [48 N. E. Rep. 506]; *Massey v. Stimmel,* 8 Circ. Dec. 237 (15 R. 439); *Pennoyer v. Neff,* 95 U. S. 714 [24 L. Ed. 565]; *Cooper v. Reynolds,* 77 U. S. (10 Wall.) 308 [19 L. Ed. 931]; *Paine v. Mooreland,* 15 Ohio 435 [45 Am. Dec. 585]; Cook, Corporations Secs. 480, 481; *Williams v. Reynolds,* 7 Ind. 622; *Disborough v. Outcalt,* 1 N. J. Eq. 298; *Erwin v. Oldham,* 6 Yerg. (Tenn.) 185 [27 Am. Dec. 458]; Lowell, Trans. of Stock Secs. 6, 7; *Fisher v. Bank,* 71 Mass. (5 Gray) 373; *Neiler v. Kelley,* 69 Pa. St. 403; *Wildman v. Wildman,* 9 Ves. Jr. 114; *Ross v. Ross,* 25 Ga. 297; *Foster v. Potter,* 37 Mo. 525; *Barnard v. Insurance Co.* 4 Mackey (D. C.) 63; *Deutschman v. Byrne,* 64 Ark. 111 [40 S. W. Rep. 780]; *Kennedy v. Railway,* 93 Ala. 494 [9 So. Rep. 608]; *Lipscomb v. Condon,* 56 W. Va. 416 [49 S. E. Rep. 392; 67 L. R. A. 670; 107 Am. St. Rep. 938]; *Goss Mfg. Co. v. People,* 4 Ill. App. 510; *National Bank v. Railway,* 21 Ohio St. 221; *Norton v. Norton,* 43 Ohio St. 509 [3 N. E. Rep. 348]; *Ball v. Manufacturing*

---

*Kathryn L. Beeman brought separate actions in the common pleas court against the plaintiff in error herein and the St. Clair St. Ry. Co., Erie Building Co., Guardian Savings & Tr. Co., Citizens Savings & Tr. Co. and Alva Realty Co.

Judgment affirmed in all these cases on authority of Benner v. Benner, 63 O. S. 220. See Cleveland & Buffalo Trans. Co. v. Beeman, no op., 81 O. S. 509.

*Co.* 67 Ohio St. 306 [65 N. E. Rep. 1015; 93 Am. St. Rep. 682]; *Railway* v. *Brennan,* 50 Ohio St. 589 [34 N. E. Rep. 1089]; *Cin. N. O. & T. P. Ry.* v. *Bank,* 56 Ohio St. 351 [47 N. E. Rep. 249; 43 L. R. A. 777]; *First Nat. Bank* v. *Lanier,* 78 U. S. (11 Wall.) 369 [20 L. Ed. 172]; Cook, Corporations Sec. 415; *Stone* v. *Elliott,* 11 Ohio St. 252; *Warren Co.* v. *Marcy,* 97 U. S. 96 [24 L. Ed. 977]; *Leitch* v. *Wells,* 48 N. Y. 585; *Holbrook* v. *Zinc Co.* 57 N. Y. 616; *American Press Assn.* v. *Brantingham,* 75 App. Div. 435 [78 N. Y. Supp. 305]; *Davis* v. *Signal Co.* 105 Ill. App. 657; *Krebs* v. *Forbriger,* 10 Dec. Re. 506 (21 Bull. 313); 1 Pomeroy's Eq. Jurisp. Sec. 428; *Shepherd* v. *Ross Co.* (*Comrs.*) 7 Ohio (pt. 1) 271; *Jelke* v. *Goldsmith,* 52 Ohio St. 499 [40 N. E. Rep. 167; 49 Am. St. Rep. 730]; *Boswell* v. *Otis,* 50 U. S. (9 How.) 336 [13 L. Ed. 164]; Black, Judgments Sec. 232; High, Injunctions Sec. 33; *Western Union Tel. Co.* v. *Telegraph Co.* 49 Ill. 90; *Hazlehurst* v. *Railway,* 43 Ga. 13; Spelling, Injunction Sec. 8; *Columbus* v. *Philbrick,* 18 Dec. 145 (5 N. S. 449); *Huling* v. *Railway & Improv. Co.* 130 U. S. 559 [9 Sup. Ct. Rep. 603; 32 L. Ed. 1045]; *Hart* v. *Sansom,* 110 U. S. 151 [3 Sup. Ct. Rep. 586; 28 L. Ed. 101]; *Arndt* v. *Griggs,* 134 U. S. 316 [10 Sup. Ct. Rep. 557; 33 L. Ed. 918]; *Wesner* v. *O'Brien,* 56 Kan. 724 [44 Pac. Rep. 1090; 32 L. R. A. 289; 54 Am. St. Rep. 604]; *Ward* v. *Ward,* 63 Ohio St. 125 [57 N. E. Rep. 1095; 51 L. R. A. 858; 81 Am. St. Rep. 621]; *Pennoyer* v. *Neff,* 95 U. S. 714 [24 L. Ed. 565].

**C. L. Shaw** and **A. D. Licey,** for defendant in error:

Cited and commented upon the following authorities: *Ball* **v.** *Manufacturing Co.* 67 Ohio St. 306 [65 N. E. Rep. 1015; 93 Am. St. Rep. 682]; *Railway* v. *Brennan,* 50 Ohio St. 589 [34 N. E. Rep. 1089]; *Benner* v. *Benner,* 63 Ohio St. 220 [58 N. E. Rep. 569]; *National Bank* v. *Railway,* 21 Ohio St. 221; *Norton* v. *Norton,* 43 Ohio St. 509 [3 N. E. Rep. 348]; *Harpold* v. *Stobart,* 46 Ohio St. 397 [21 N. E. Rep. 637; 15 Am. St. Rep. 618]; *Herrick* v. *Wardwell,* 58 Ohio St. 294 [50 N. E. Rep. 903]; *Randall* v. *Turner,* 17 Ohio St. 262; *Turner* **v.** *Turner,* 17 Ohio St. 449; *Spangler* v. *Brown,* 26 Ohio St. 389; *Cin. N. O. & T. P. Ry.* v. *Bank,* 56 Ohio St. 351 [47 N. E. Rep. 249; 43 L. R. A. 777].

**MARVIN, J.**

This case (No. 4258) together with the cases following, up to and including No. 4263, all raise the same questions and the determination of one is the determination of all.

Suit was brought in the court of common pleas by Kathryn L. Beeman against her husband, Lester A. Beeman, for a divorce and

Cuyahoga County.

alimony. Later, the prayer for divorce was abandoned and the case prosecuted for alimony alone. The defendant in that action, Lester A. Beeman, was a nonresident of the state of Ohio at the time the action was begun, and the only service had upon him was the constructive service by publication as provided for in the statute.

Each of the several plaintiffs in error in these cases is a corporation for profit. When the suit was begun in the court of common pleas, Lester A. Beeman was a stockholder in each of these corporations, and each of the corporations was made a defendant in that action, and each was served with summons.

On the motion of the plaintiff in that action a restraining order was allowed against each of these corporations, forbidding the transfer of any of the stock standing in the name of Lester A. Beeman, on their books, to any other person. Upon final hearing the court awarded all of the stock standing in the name of Lester A. Beeman in these several corporations to Kathryn L. Beeman, as alimony, and ordered each of said corporations to deliver to the said Kathryn L. Beeman the original certificates for such stock, and in case of the inability of said corporations, or any one of them, or the refusal of any one of them to deliver such certificates, that the decree of the court should operate as a conveyance of the several shares of stock in each of the corporations to the said Kathryn L. Beeman. To this judgment and order of the court error is prosecuted here, and a carefully prepared brief is furnished in behalf of the several plaintiffs in error, contending that the judgment was erroneous, and giving many plausible reasons for such contention. But whatever doubt might exist in our minds, (were it not for the case of *Benner* v. *Benner,* 63 Ohio St. 220 [58 N. E. Rep. 569]), is resolved by the judgment in that case in favor of the defendant in error.

The argument in brief on behalf of the plaintiffs in error is that as no personal service was made upon the defendant, Lester A. Beeman, no personal judgment could be rendered against him for alimony, and that the only way in which, in such case, his property could be reached, is by such proceedings as puts the property in the custody of the court, and makes the case, to that extent, a proceeding *in rem* only, and that an injunction allowed against the custodian of such property, (for the several corporations are the custodians of the stock of the several stockholders: see *Ball* v. *Manufacturing Co.* 67 Ohio St. 306 [65 N. E. Rep. 1015; 93 Am. St. Rep. 682]) is not such taking of the property by the court as will authorize a decree that the ownership of the property be

Transit Co. v. Beeman.

transferred from the owner of said stock before the injunction, to another party in the suit.

In the case of *Benner* v. *Benner, supra,* nothing was done to take the property of the defendant in that action into the custody of the court except the allowance of an injunction against the defendant prohibiting him from disposing of his property. The defendant in that action was a nonresident and there was no service other than constructive service by publication upon him. No injunction was allowed against anybody but him. True, the property there was real estate situated within the jurisdiction of the court. Here the property is intangible, but it has a situs and that situs is where the custodian of the property is, to wit, the corporation. See the opinion in *Ball* v. *Manufacturing Co. supra,* page 314.

The distinction between the case of *Benner* v. *Benner, supra,* and the present case, sought to be shown in the brief of plaintiffs in error, fails to convince us that the principle in that case must not apply to this. Indeed, the reason for its application here seems stronger than its application in that case, for each of the parties here enjoined by the order of the court was actually served with summons in the action, while the property was in the possession and under the control of the corporations, and we reach the conclusion, therefore, that the judgment of the court of common pleas was right and in each of the several cases the judgment is affirmed.

**Henry** and **Winch, JJ.,** concur.